IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OMAR MCGHEE, # B-76489,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 15-cv-1289-NJR |
| | ) |
| **RON VITALE, NONA HOHNSBEHN,** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **PHYLLIS ROSE MASTON,** | ) |
| **ALFONZO C. SMITH,** | ) |
| **DOCTOR SHAH, DR. SANTOS,** | ) |
| **and JOHN & JANE DOE (Nurse),** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff is currently incarcerated at Southwestern Illinois Correctional Center ("Southwestern"), where he is serving a three-year sentence. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, in which he claims that Defendants have been deliberately indifferent to his serious medical condition. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

In his complaint, Plaintiff states that he began seeking medical assistance in early July 2015 for severe discomfort in the left side of his neck, shoulder, and hand. Defendant Dr. Shah initially told Plaintiff that nothing was wrong with him (Doc. 1, p. 4).

Plaintiff had several more doctor visits (he does not specify to which doctor) and initial x-rays, without any diagnosis of a problem. Another round of x-rays was taken in September 2015, and Plaintiff's ailment was identified. The complaint does not name his condition, but Plaintiff indicates it involves his spine. The doctor (again, he gives no name) explained to

Plaintiff that he would eventually need surgery to correct the condition (Doc. 1, pp. 4-5). Plaintiff told the doctor that his left arm is losing strength and mobility, but the unnamed doctor explained that surgery would not be performed until Plaintiff lost complete use of his left arm.

Plaintiff continues to experience loss of use of his left side, and these symptoms are increasingly frequent. Each time, he is temporarily unable to use his left arm and hand, and he has had "moments of complete paralysis" of the limb (Doc. 1, p. 5). The symptoms include numbness, radiating pain, a tingling sensation, and the inability to grip with his left hand.

Plaintiff's suffering has continued for about five months. He was given medication on October 8, but it has not done any good. He fears that if treatment continues to be delayed, he will lose complete use of his arm. Defendant Dr. Shah has questioned Plaintiff regarding how soon he is to be released, causing Plaintiff to believe that Defendant Shah plans to neglect Plaintiff's care until he is released and no longer under the care of the prison doctors.

The complaint seeks injunctive relief to require Plaintiff's prison health care providers to "take action to solve the problem with [his] spine," and requests damages (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment deliberate indifference claim against Southwestern medical provider Defendants Hohnsbehn, Maston, Smith, Shah, Santos, and the John & Jane Doe Nurse(s), for delaying surgery to correct Plaintiff's loss of use of his left arm;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendant Wexford Health Sources, Inc., for delaying surgery to correct Plaintiff's loss of use of his left arm;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Defendant Warden Vitale, for delaying surgery to correct Plaintiff's loss of use of his left arm.

Count 1 shall proceed against Defendant Dr. Shah only. The complaint fails to state a claim upon which relief may be granted against the remaining medical Defendants in Count 1, or against the Defendants in Counts 2 and 3. Therefore, those parties and claims shall be dismissed without prejudice pursuant to § 1915A.

**Deliberate Indifference to a Serious Medical Condition**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes a painful and debilitating condition that has become worse over time and which a prison doctor has acknowledged is likely to eventually lead to the loss of use of his left arm. The complaint thus satisfies the objective component of an Eighth Amendment

claim. The remaining question is whether the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

**Count 1 – Individual Medical Providers**

The complaint is very vague as to which of the several individual doctors or nurses named as Defendants took part in which aspects of Plaintiff's care. The only person who is mentioned by name in the statement of claim is Defendant Dr. Shah. Several times Plaintiff refers to "the doctor" or "the nurse" without giving the name of the individual whose conduct he describes. This is not sufficient to state a claim against the doctor or nurse involved. Likewise, Plaintiff includes Defendant Hohnsbehn (Health Care Administrator) as a party, but he makes no mention of her in the body of his complaint.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. And in the case of a Defendant who holds a supervisory position, the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff never mentions Defendants Hohnsbehn, Maston (Nurse), Smith (Doctor), or Santos (Doctor) in the statement of claim. He does not mention any conduct by the John/Jane Doe Nurse(s) that suggests deliberate indifference. Accordingly, Defendants Hohnsbehn, Maston, Smith, Santos, and the John/Jane Doe Nurse(s) will be dismissed from Count 1 and from this action without prejudice.

Turning to the allegations against Defendant Shah, Plaintiff's initial criticism is that he failed to diagnose Plaintiff's condition for approximately two to three months. This, however, does not suggest deliberate indifference–to the contrary, Plaintiff had several consultations with either Defendant Shah or another doctor, and had two rounds of x-rays during this time. This history demonstrates efforts (although initially unsuccessful) to diagnose Plaintiff's problem, not deliberate indifference to his condition. Similarly, the fact that the medication prescribed[1] for Plaintiff has not been effective does not, by itself, suggest deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008) (the mere fact that a prescribed treatment proved ineffective does not state an Eighth Amendment claim).

The aspect of Plaintiff's case that raises a potential deliberate indifference claim is the decision to deny surgical treatment until Plaintiff's condition deteriorates to the point of completely losing the use of his arm. Construed liberally, Plaintiff's description of Defendant Shah's questions about the length of Plaintiff's incarceration suggests that Defendant Shah bears at least some responsibility for deciding what treatment Plaintiff would receive at Southwestern. Accordingly, at this early stage, Plaintiff's deliberate indifference claim against Defendant Shah in **Count 1** shall be allowed to proceed.

Plaintiff may be able to revive his deliberate indifference claims against some or all of the other medical Defendants, if he submits an amended complaint that identifies each party by

---

[1] It is not clear whether Defendant Shah or another doctor prescribed Plaintiff's medications.

name in the body of the complaint, and describes the actions alleged to have been taken by each named Defendant. He is advised that an amended complaint must contain all relevant allegations against all parties, including the claims against Defendant Shah that shall proceed under Count 1. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint.

### Count 2 – Wexford Health Sources, Inc.

Defendant Wexford Health Sources, Inc., ("Wexford) is a corporation that employs Defendant Shah and the other medical professionals and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford. In fact, Plaintiff never mentions Defendant Wexford at all in the statement of claim, and he makes no factual allegations directed against this corporate entity. Accordingly, he fails to state a claim against Defendant Wexford upon which relief may be granted. **Count 2**, and Defendant Wexford also shall be dismissed from the action without prejudice.

### Count 3 – Warden Vitale

Once again, Plaintiff listed Defendant Vitale among the Defendants, but he does not mention him again. Nothing in the factual allegations remotely suggests that Defendant Vitale

had any involvement in the decisions regarding Plaintiff's medical treatment. As noted above, a supervisor such as a warden cannot be held liable in a civil rights case for unconstitutional actions taken by an employee under his supervision. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff has not alleged that Defendant Vitale was "personally responsible for the deprivation of a constitutional right." *Id.* He therefore fails to state a claim against the warden upon which relief may be granted.

**Count 3** against Defendant Vitale shall be dismissed without prejudice, and Defendant Vitale in his personal capacity shall be dismissed from the action.

Because Plaintiff is seeking injunctive relief, however, Defendant Vitale shall remain in the action, in his official capacity as warden only. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Disposition**

**COUNTS 2 and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **VITALE (Individual Capacity), HOHNSBEHN, WEXFORD HEALTH SOURCES, INC., MASTON, SMITH, JOHN & JANE DOE NURSE(S),** and **SANTOS** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **VITALE (Official Capacity)** and **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 11, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**