IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR MCGHEE, #B76489, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 3:15-cv-01289-NJR-DGW |
| RON VITALE, NONA HOHNSBEHN, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| PHYLLIS ROSE MASTON, ALFONZO C. | ) |
| SMITH, DOCTOR SHAH, DR. SANTOS, | ) |
| and JOHN & JANE DOE (NURSE), | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Bharat Shah, M.D., by and through his attorneys, Sandberg Phoenix & von Gontard P.C., and for his Memorandum of law in Support of his Motion for Summary Judgment for Plaintiff's failure to exhaust his administrative remedies, states as follows:

### I.     INTRODUCTION AND STATEMENT OF UNDISPUTED FACTS

Plaintiff Omar McGhee, #B76489, an inmate at Southwestern Illinois Correctional Center (Southwestern) filed his §1983 lawsuit on November 20, 2015. [Doc. 1]. In his Complaint, Plaintiff alleges, very generally, that his Constitutional rights were violated when he was denied medical treatment for left neck, shoulder, arm, and hand pain. [Doc. 1]. The Dates of this alleged denial are unclear as Plaintiff claims that he "…continued to request medical attention from 5/15 to 9/15" [Doc. 1, §III, C, 1] and he "…began asking for medical relief in early July….." [Doc. 1,§IV].  In support of his allegations, Plaintiff claims that he "…continued to

request medical attention from 5/15 to 9/15…" and that his "…grievance was denied…." [Doc. 1, §III, C, 1, 2].

    1.     Plaintiff's grievance records from Southwestern Correctional Center contain copies of the following [Exhibit A]:

      a. A grievance dated December 30, 2015 where the nature of the grievance is described as "discrimination," and Plaintiff is grieving alleged racial disparity at the facility. [MCGHEE-SWCC (GR) 002-004]   This grievance was responded to by a Correctional Counselor on January 7, 2016 and by a Grievance Officer on January 13, 2016. *Id*.

    2.     Plaintiffs records from the ARB contain copies of the following [Exhibit B]:

      a.    Plaintiff's IGRV Inmate History indicating that hearings were held on October 9, 2015 and December 17, 2015. [MCGHEE-IDOC 002]

      b.    An emergency grievance dated September 19, 2015, stamped as received by the ARB on September 23, 2015 and ARB response to the same dated October 9, 2015, discussed *Supra*.  This response informs Plaintiff that he needed to submit responses from the facility, and did not rule on the merits of the grievance. [MCGHEE-IDOC 003-004]

      c.    A grievance dated November 9, 2015 regarding medical treatment, and expressing dissatisfaction with his medical care between October 3, 2015 and November 4, 2015, and grieving care provided by Dr. Santos and Dr. Smith.  [MCGHEE-IDOC 006-007]   This grievance contains no response from a Correctional Counselor, Grievance Officer, or Warden, and is stamped as received by the ARB on November 30, 2015.  *Id*.

      d.    An ARB response to Plaintiff's November 9, 2015 grievance, dated December 17, 2015, informing Plaintiff he needed to provide responses of his Counselor, Grievance Officer, and the Warden. [MCGHEE-IDOC 005]

3. Plaintiff's Cumulative Counseling Summary contains an entry on September 10, 2015 indicating that the Correctional Counselor had received a grievance on medical treatment, responded, and returned the grievance to the Plaintiff. [Exhibit C, MCGHEE-SWCC (CR) 002]

4. Copies of the following were appended to Plaintiff's Complaint [Exhibit D]:

a. A grievance dated September 2, 2015 regarding medical treatment. [Doc.1, page 11-12]. There, Plaintiff claims he was seen during "the month of June" and describes the treatment he received through "the month of August 2015," and that he saw Dr. Shah on an unstated date and was dissatisfied with his treatment. *Id*. This grievance contains a response from a Correctional Counselor indicating that he received the grievance on September 9, 2015, although the date of the response was cut off. *Id*. The grievance contains no response from a Grievance Officer or the Warden, nor is it stamped as received by the Administrative Review Board (ARB). *Id*.

b. An emergency grievance dated September 19, 2015 regarding medical treatment. [Doc. 1, page 8]. This emergency grievance describes dissatisfaction with medical care, and cites dates from September 3, 2015 through September 19, 2015 and claims that Dr. Shah examined him on September 6, 2015. *Id*. This emergency grievance contains no response from the Warden, and is stamped as received by the ARB (ARB) on September 23, 2015. *Id*.

c. An ARB response dated October 9, 2015 regarding Plaintiff's September 19, 2015 grievance informing Plaintiff that he must provide a copy of the response received from the Grievance Officer and Warden. [Doc. 1, pate 7].

d. A grievance dated November 9, 2015 regarding Medical Treatment. [Doc. 1, page 9-10]. This grievance contains no response from a Correctional Counselor, Grievance Officer, or Warden, nor is it stamped as received by the ARB. *Id*.

7012696.1

5.     On February 8, 2016 Plaintiff filed an "Issue of Exhaustion of Administrative Remedies" wherein he claimed he filed submitted three grievances in this matter: September 2, 2015, September 19, 2015, and November 9, 2015. [Doc. 19, ¶ b]. He claims that of those three grievances he submitted all three to his Correctional Counselor, and submitted the September 2, 2015 grievance to the Grievance Officer on November 30, 2015 and the September 19, 2015 grievance to the Grievance Officer on December 3, 2015. [Doc. 19, ¶ d)]. He further claims he submitted two of those grievances to the ARB on September 18, 2015 and November 25, 2015 and received ARB responses on September 23, 2015 and November 30, 2015. [Doc. 19, ¶ e), i)].

6.     Dr. Santos, Dr. Smith, Nurse Maston, and John/Jane Doe Nurses were dismissed from this suit on December 11, 2015. [Doc. 7].

7.     Bharat Shah, M.D. left employment with Wexford Health Sources, Inc. as a physician at Southwestern on June 30, 2015. [Affidavit of Bharat Shah, M.D., attached hereto as Exhibit E].

## II.     APPLICABLE LAW

Under the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. §1983 with respect to prison conditions must first exhaust all administrative remedies. 42 U.S.C §1997e (a); *Pavey v. Conley*, 544 F.3d, 739, 740 (7th Cir. 2008). In addition, in order to fully exhaust administrative remedies as required by 42 U.S.C. §1997e(a), inmates must follow the rules laid out in the Illinois Administrative Code. *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004). Failure to do so means failure to use (and thus exhaust) available remedies. *Id* at 524. Pursuit of administrative remedies is necessary no matter what relief the plaintiff seeks, including monetary damages. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).

The Code requires inmates to file a grievance regarding an issue at the institutional level within 60 days of the incident. 20 Ill. Admin. Code §504.810(a). The grievance must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of the person who is the subject of the complaint, or, who is the subject of, or who is otherwise involved in the complaint, and, if the prisoner does not know the name, they must describe such person with as much detail as possible. 20 Ill. Admin. Code §504.810(b). The grievant need not lay out the facts, or articulate legal theories, but the grievance must, at least, object intelligibly to some asserted shortcoming. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

The Code specifies that the inmate must receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, then the inmate may appeal the denial to the Administrative Review Board ("ARB") within 30 days. 20 Ill. Admin. Code §504.850(a). An inmate can request that a grievance be handled on an emergency basis by submitting their grievance form directly to the Chief Administrative Officer, or Warden, pursuant to §504.840 of the Code. *Thornton v. Snyder*, 428 F.3e 690, 694 (7th Cir. 2005). If, after receiving the Warden's response, the offender feels that the grievance has not been resolved to his satisfaction he may appeal the decision, in writing, to the Director within 30 days of the Warden's decision. *Id*. The Code further provides that an inmate grieving one of the following may submit a grievance directly to the ARB:

1) Decisions regarding protective custody placement, including continued placement in or release from protective custody.
2) Decisions regarding the involuntary administration of psychotropic medication.
3) Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.
4) Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned.

7012696.1

20 Ill. Admin. Code §504.870(a)(1)-(4).

Section 1997e(a) makes exhaustion of administrative remedies a precondition to filing suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). In order to exhaust his administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, et al., 286 F.3d 1022, 1025 (7th Cir. 2002). Unless a prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. *Id* at 1023. Exhaustion means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits.). *Id* at 1024. Further, the U.S. Supreme Court has held that a prisoner cannot satisfy §1997e by filing an untimely or otherwise procedurally defective grievance or appeal; proper exhaustion of administrative remedies is necessary. *Woodford v. Ngo*, 548 U.S. 81, 83, 126 S.Ct. 2378 (2006). (Citing *Pozo*, *supra*, upholding District Court ruling that a grievance not filed within 15 days (Cal.Code Regs. § 3084.6(c)) fails to satisfy §1997e(a)).

The statutory purpose of requiring the prisoner is to give the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prisoner's solution does not fully satisfy the prisoner. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). (*See also Maddox v. Love*, 655 F.3d 708, 722 (7th Cir. 2011). The function of a grievance is to provide prison officials a fair opportunity to address the prisoner's complaint. To satisfy that statutory purpose, a grievance must alert the prison to the nature of the wrong for which redress is sought. *Ricardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). To allow otherwise would frustrate the purpose of the grievance process, to afford prisons the time and opportunity to address a prisoner's complaint

internally and attempt to remedy the problem before initiating federal litigation. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002).

### III. ARGUMENT

Defendants issued subpoenas for Plaintiff's grievance records, including the grievance log, (Master File) to Lawrence and the ARB. A complete copy of what defendants received in response to the subpoena from Lawrence is attached hereto as Exhibit A. A complete copy of what defendants received in response from the ARB is attached hereto as Exhibit B. Plaintiff's Counseling Summary is attached hereto as Exhibit C. Copies of grievances appended to Plaintiff's Complaint [Doc. 1] is attached hereto as Exhibit D.

Plaintiff has failed to exhaust his administrative remedies as to Bharat Shah, M.D. Plaintiff's ARB records contain one emergency grievance dated September 19, 2015, stamped as received by the ARB on September 23, 2015, grieving care by "Dr. Shah." [Ex. B, MCGHEE-IDOC 004]. This grievance has no responder by the Chief Administrative Officer at Southwestern, as is required by the Code. *Id.*

Plaintiff's ARB records contain one non-emergency grievance dated November 9, 2015 regarding medical treatment, and expressing dissatisfaction with his medical care between October 3, 2015 and November 4, 2015, and grieving care provided by Dr. Santos and Dr. Smith. [Ex. B, MCGHEE-IDOC 006-007] This grievance contains no response from a Correctional Counselor, Grievance Officer, or Chief Administrative Officer, as required by the Code, and is stamped as received by the ARB on November 30, 2015. *Id.*

Plaintiff's emergency grievance dated September 19, 2015 was not submitted in accordance with the Code. The Code requires that an emergency grievance be submitted to the Warden, and if the inmate is not satisfied by the Warden's response **then** he may appeal the

7012696.1

decision to the ARB. 20 Ill. Admin. Code §504.850(a). There is no indication in the records in evidence that Plaintiff properly submitted this emergency grievance at the institutional level for review by the Warden; instead, he submitted it directly to the ARB where it was received four days after it was written. [Ex. C, MCGHEE-IDOC 004]. This grievance received an ARB response, however the response was simply to inform the Plaintiff that it had been improperly submitted; the ARB did not rule on the substance of the procedurally deficient emergency grievance. [Ex. C, MCGHEE-IDOC 003]. While this grievance fails to exhaust Plaintiff's administrative remedies because it was not submitted in accordance with the Code, it is also grieving issues that occurred after Dr. Shah's departure from Southwestern, and as it cannot refer to care rendered by Dr. Shah, it cannot exhaust Plaintiff's administrative remedies as to Dr. Shah. [Ex. E].

The non-emergency grievance contained in Plaintiff's ARB file also fails to exhaust Plaintiff's administrative remedies as to Dr. Bharat Shah. [Ex. C, MCGHEE-IDOC 006-007]. This grievance is regarding medical care provided between October 21, 2015 and November 4, 2015. *Id.* First, as noted *supra*, Dr. Bharat Shah's last day at Southwestern was June 30, 2015. [Ex. E]. Further, this grievance grieves care provided by Dr. Santos and Dr. Smith; Dr. Shah is not mentioned. [Ex. C, MCGHEE-IDOC 006-007]. The ARB responded to this Grievance on December 17, 2015 informing Plaintiff that additional documentation was required, but not ruling on the merits of the procedurally deficient grievance. [Ex. C, MCGHEE-IDOC 005]. Further, regardless of the content of this grievance, the ARB did not respond to it until December 17, 2015, 27 days **after** plaintiff filed suit. As exhaustion of administrative remedies is a precondition to filing a lawsuit under the PLRA, this grievance does not exhaust Plaintiff's administrative remedies as to anyone in this case.

7012696.1

In his "Issue of Exhaustion of Administrative Remedies" [Doc. 19] filed February 8, 2016, and received via USPS mail by the undersigned counsel the same date, Plaintiff claims that his September 19, 2015 grievance was responded to by the ARB on September 23, 2015. This is incorrect; that grievance is stamped as **received** by the ARB on September 23, 2015. The ARB response is dated October 9, 2015, and informed the Plaintiff that he needed to provide responses from the Counselor, Grievance Officer, and Chief Administrative Officer in accordance with the requirements of the Code. The ARB did not rule on the merits of that grievance, as it was improperly submitted, and, therefore, does not exhaust Plaintiff's administrative remedies as to Dr. Shah. Plaintiff is also incorrect in claiming that the ARB responded to his November 9, 2015 grievance on November 30, 2015. That grievance contains no responses from the facility, and is stamped as **received** by the ARB on November 30, 2015. The ARB responded to that grievance, again informing Plaintiff that he needed to submit responses from the facility, and not ruling *on* the merits of the grievance, on December 17, 2015. By his own admission, Plaintiff submitted two of the three grievances he wrote to the ARB prior to properly submitting them at the facility level, and then submitted them to a Grievance Officer **after** filing suit. Plaintiff references a November 25, 2015 grievance in Doc. 19, but no grievance of that date is found in any records in evidence.

Similarly, no grievances appended to Plaintiff's Complaint serve to exhaust his administrative remedies as to Dr. Bharat Shah. [Ex. D]. Plaintiff's September 2, 2015 grievance [Ex. D, Doc. 1, page 11-12] grieves care dating to June 2015. Dr. Shah's last day at Southwestern was June 30, 2015 and Plaintiff's grievance was dated September 2, 2015. This grievance was properly submitted to Plaintiff's Correctional Counselor, who noted that it was received on September 7, 2015, and who responded (although the date is not visible on the copy

appended to Plaintiff's Complaint.) [Ex. D, Doc. 1, page 11]. *See also* Plaintiff's Cumulative Counseling Summary indicating that the Correctional Counselor returned this grievance to Plaintiff on September 10, 2015. [Ex. C]. Plaintiff provides no other dates in this grievance other than "June 2015," "July 2015," and "August 2015;" assuming, *arguendo*, that the care grieved is within 60 days prior to September 2, 2015, Plaintiff properly submitted this to his Counselor, and received a response. There is, however, no indication that Plaintiff pursued this grievance any further at the facility level, in accordance with the Code, and in his "Issue of Exhaustion of Administrative Remedies" Plaintiff admits that this grievance was not submitted to the ARB. [Doc. 19]. Further, there is no indication in Plaintiff's medical record that Dr. Bharat Shah provided any care and treatment to the Plaintiff prior to his last day at Southwestern on June 30, 2015. [Ex E. ¶ ]. Since by his own admission Plaintiff did not submit his Septembers 2, 2015 grievance to the ARB (*See* Doc. 19, ¶e.) this grievance cannot serve to exhaust Plaintiff's administrative remedies as to Dr. Bharat Shah, or anyone else.

Dr. Bharat Shah left Southwestern on June 30, 2015 (*See* Ex. E), and much of the medical treatment Plaintiff grieves is dated after that date. Regardless of the provider Plaintiff intended to name in his September 9, 2015 emergency grievance and November 9, 2015 grievance contained in his ARB file, they could not be grieving care provided by Dr. Bharat Shah. Further, they are procedurally deficient in that they were sent directly to the ARB, and not submitted in accordance with the Code at Southwestern. Both of these grievances fall short of exhausting Plaintiff's administrative remedies as to Dr. Shah or any physician.

As established by *Ricardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004), in order to fully exhaust his administrative remedies as required by 42 U.S.C. §1997e(a), Plaintiff must follow the rules laid out in the Illinois Administrative Code, which includes receiving a decision by the

Director denying his grievance, before filing suit. *See Ford v. Johnson, et al.*, 362 F.3d 395, holding that a plaintiff who mailed his complaint, which was stamped "received" two days prior to the ARB's final decision on his grievances did not follow the rules laid out in the code, and did not exhaust his administrative remedies. As the Seventh Circuit noted, "Illinois made a process available to [the plaintiff]; he had to stick with the process until its conclusion rather than make a beeline for court just because the administrative officials gave his appeal the time needed to resolve it." *Id.* Here, Plaintiff did not follow the procedures provided for in the Code and, therefore, did not exhaust his administrative remedies as to Dr. Bharat Shah or any other physician.

## IV.     CONCLUSION

Plaintiff was provided with a well-established grievance process; one which he did not utilize properly. For the foregoing reasons, the Court should dismiss all Counts against Dr. Bharat Shah, and Plaintiff's Complaint, with prejudice due to Plaintiff's failure to exhaust all administrative remedies as mandated by 20 Ill. Admin. Code §504.810 and 42 U.S.C. §1997e(a).

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/Carla G. Tolbert_____
Timothy P. Dugan, #6271610
Carla G. Tolbert, #6305104
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
tdugan@sandbergphoenix.com
ctolbert@sandbergphoenix.com
*Attorneys for Defendant*
*Dr. Bharat Shah*

7012696.1

**Certificate of Service**

   I hereby certify that on the <u>19th</u> day of May, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jeremy C. Tyrrell
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
jtyrrell@atg.state.il.us

   I hereby certify that on the <u>19th</u> day of May, 2016, the foregoing was mailed by United States Postal Service to the following:

Omar McGhee
14824 Edbrook
Dolton, IL 60419
*Pro Se Plaintiff*

                       /s/Carla G. Tolbert

7012696.1