IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR MCGHEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-1289-NJR-DGW |
| | ) | |
| BHARAT SHAH, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Summary Judgment filed by Defendant on May 19, 2016 (Doc. 28).   For the reasons set forth below it is **RECOMMENDED** that the Motion be **MOOTED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On May 19, 2016, Defendant Bharat Shah filed a Motion for Summary Judgment on the affirmative defense that Plaintiff failed to exhaust his administrative remedies (Doc. 28). Defendant served, along with his Motion, a notice informing Plaintiff of the consequences of failing to respond to the Motion (Doc. 30).   At the time, Plaintiff had been released from prison and was residing at an address in Dolton, Illinois (Doc. 17).   Plaintiff failed to respond to the Motion in a timely manner; on July 13, 2016, this Court *sua sponte*, granted him until July 29, 2016 to file a response (Doc. 31).   Plaintiff filed his response on July 25, 2016 (Doc. 33).

Thereafter, this Court set a hearing on the Motion, to occur on September 22, 2016 (Doc. 35).   In setting that hearing, Plaintiff was "ADVISED that his appearance is MANDATORY and WARNED that his failure to appear may result in sanctions, including dismissal of this lawsuit" (Doc. 35 (emphasis in original)).   Plaintiff failed to appear at the hearing on September 22, 2016 (Doc. 38).

## CONCLUSIONS OF LAW

Plaintiff is failing to prosecute this matter and it should be dismissed.   *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (noting that the court may sua sponte dismiss a case for failure to prosecute).   Plaintiff failed to appear at a scheduled hearing despite being warned that his presence was mandatory and that the failure to appear may result in dismissal.   Plaintiff previously failed to timely respond to the pending motion for summary judgment.   Plaintiff filed no motion to continue the hearing, did not contact the Court to indicate that he would not be able to appear, and has had no contact with Defendant.   There is no indication that Plaintiff has not been receiving the Orders and notices of the Court.   A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 7th Cir. 2008), is necessary in this matter because there may be a question of fact as to whether the grievance process was made available to Plaintiff.   By failing to appear at the hearing, the Court is unable to make necessary credibility determinations.   Plaintiff's actions prejudice Defendant because exhaustion is a precondition of suit and until that matter is decided, resolution of this matter is indefinitely stayed.   *See Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015) (indicating that prejudice to the opposing party is one factor to be considered).   By failing to timely respond to the motion, failing to appear at a necessary scheduled hearing, and failing to contact the Court prior to the hearing, Plaintiff is unreasonably delaying these matter.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant (Doc. 28) be **MOOTED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 26, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**