IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR MCGHEE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-1289-NJR-DGW |
| | ) |
| BHARAT SHAH, | ) |
| | ) |
|        Defendant. | ) |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 39), which recommends dismissing this case with prejudice for failure to prosecute and finding as moot Defendant Bharat Shah's Motion for Summary Judgment.

Plaintiff Omar McGhee ("McGhee"), a former inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. After an initial screening of McGhee's complaint pursuant to 28 U.S.C. § 1915A, McGhee was allowed to proceed on one count of deliberate indifference against Defendant Shah (Doc. 7).[1]

On January 7, 2016, McGhee filed a notice with the Court, indicating that he had been released from prison and was residing at an address in Dolton, Illinois (Doc. 17). On May 19, 2016, Defendant Shah filed a Motion for Summary Judgment arguing that

---

[1] Defendant Ron Vitale remained in the case in his official capacity as warden only (*Id.*). On July 18, 2016, this Defendant was dismissed with prejudice (Doc. 32).

McGhee had failed to exhaust his administrative remedies prior to filing suit (Doc. 28). Along with the motion, Defendant Shah filed a notice informing McGhee of the consequences of failing to respond to the motion (Doc. 30). Because McGhee failed to respond to the motion within the allotted time, Magistrate Judge Wilkerson *sua sponte* granted McGhee additional time, until July 29, 2016, to file a response (Doc. 31). McGhee filed his response on July 25, 2016 (Doc. 33). Thereafter, Magistrate Judge Wilkerson set a *Pavey* Evidentiary Hearing for September 22, 2016 (Doc. 35). In Magistrate Judge Wilkerson's Order setting the hearing, McGhee was "ADVISED that his appearance is MANDATORY and WARNED that his failure to appear may result in sanctions, including dismissal of this lawsuit." (Doc. 35). McGhee failed to appear at the hearing on September 22, 2016 (*See* Doc. 38).

On September 26, 2016, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 39), recommending dismissal of the case for failure to prosecute. Objections to the Report and Recommendation were due on or before October 14, 2016. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). McGhee did not file an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S.

140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. McGhee failed to attend the *Pavey* hearing, despite Magistrate Judge Wilkerson's order to do so and despite being warned that such failure may result in dismissal of the lawsuit. McGhee did not file a motion to continue the hearing, he did not contact the Court to indicate that he was unable to attend the hearing, and he has had no contact with Defendant Shah. This comes after Magistrate Judge Wilkerson graciously allowed McGhee to file a late response to the pending motion for summary judgment. Due to McGhee's failure to appear at the hearing, Magistrate Judge Wilkerson is unable to make necessary credibility determinations related to the pending motion for summary judgment. Additionally, the Court has received no indication that McGhee has not been receiving orders and notices of the Court. In light of this, the undersigned agrees with Magistrate Judge Wilkerson's assessment that McGhee is unreasonably delaying this matter and that such actions prejudice Defendant Shah.

Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute pursuant to Rule 41(b). Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 39) in its entirety and **FINDS AS**

**MOOT** Defendant Shah's Motion for Summary Judgment (Doc. 28). This case is **DISMISSED with prejudice** for failure to prosecute pursuant to Rule 41(b). Judgment will be entered accordingly.

    **IT IS SO ORDERED.**

    DATED: October 24, 2016

                                                    **NANCY J. ROSENSTENGEL**
                                                  **United States District Judge**